UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ANDREW A. GRECO, on behalf of
himself and all others similarly situated,

                        Plaintiff,

    v.

TRAUNER, COHEN & THOMAS, LLP
ROBERT TRAUNER, MICHAEL J. COHEN
AND RUSSELL S. THOMAS,

                        Defendants.
-----------------------------------------------------------------

CV 03 6352 (CJS)

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION

                Lawrence Katz (LK-0062)
                KATZ & KLEINMAN
                Attorneys for Plaintiff
                165 EAB Plaza
                West Tower - Sixth Floor
                Uniondale, New York 11556
                (516) 522-2621

## I. JURISDICTIONAL STATEMENT

This action was brought pursuant to the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq. Subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331.

## II. FACTS OF THE CASE

On or about November 20, 2002 the Plaintiff received a letter from the Defendants. This letter was sent in connection with a consumer debt allegedly owed to Bank America. The Plaintiff alleged within his complaint that the letter violated the Fair Debt Collection Practices Act by: a) sending an attorney collection letter without any meaningful involvement by the attorney within the collection process; and b) falsely asserting within the 30 day notice that if the consumer failed to dispute the debt the "creditor" would assume the validity of the debt. Attached to the complaint as Exhibit A is a copy of the letter in question. The Court is respectfully referred to the complaint in this action.

This case was commenced by the filing of a summons and complaint on or about July 23, 2003. The complaint seeks damages for the Defendants' violation of the FDCPA. It also seeks damages on behalf of all those similarly situated.

Defendants have now moved to dismiss the class action complaint on the grounds that the language complained of as a matter of law does not violate the FDCPA. Plaintiff argues that it has alleged a proper cause of action pursuant to the FDCPA.

## III. SUMMARY OF ARGUMENT

Page 1

Plaintiff would submit that an attorney cannot send a collection letter without being meaningfully involved as an attorney within the collection process. In addition, a collection letter cannot falsely state within the thirty day notice, that the failure of a consumer to dispute the debt will result in the "creditor" assuming the debt to be valid.

On a motion to dismiss or for judgment on the pleadings a court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). A case should not be dismissed unless the court is satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief. *Id.*

## IV. ARGUMENT

### A. THE FDCPA

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 1997 U.S. App. LEXIS 5000 at *5 (7th Cir. 1997); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, and 1692f. Statutory damages are recoverable for violations, whether or not the plaintiff proves actual

Page 2

damages. *Baker*, 677 F.2d at 780-1; *Woolfolk v. Van Ru Credit Corp.*, 783 F.Supp. 724, 727 and n.3 (D.Conn. 1990); *Cacace v. Lucas*, 775 F.Supp. 502 (D.Conn. 1990); *Riveria v. MAB Collections, Inc.*, 682 F.Supp. 174, 177 (W.D.N.Y. 1988); *Kuhn v. Account Control Technol.*, 865 F.Supp. 1443, 1450 (D.Nev. 1994); *In re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr. N.D.N.Y. 1982); *In re Littles*, 90 B.R. 669, 680 (Bankr. E.D.P. 1988), *aff'd as modified sub nom. Crossley v. Lieberman*, 90 B.R. 682 (E.D.Pa. 1988), aff'd 868 F.2d 566 (3d Cir. 1989).

Whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Taylor v. Perrin, Landry, de Launday & Durand*, 103 F.3d 1232, 1997 U.S.App. LEXIS 1637 (5th Cir. 1997); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028-9 (6th Cir. 1992); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225-6 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 (11th Cir. 1985); *Russey v. Rankin*, 911 F.Supp. 1449 (D.N.M. 1995); *Bukumirovich v. Credit Bureau of Baton Rouge Inc.*, 155 F.R.D. 146 (M.D.La. 1994); *United States v. National Financial Servs.*, 829 F.Supp. 228, 232 (D.Md. 1993), aff'd, 98 F.3d 131, 135, 1996 U.S.App. LEXIS 26645 (4th Cir. 1996). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon, supra*.

The FDCPA provides that within five days of the initial communication with a consumer, a debt collector must send a consumer written notice which contains the amount of the debt and indicates that he has the right to dispute the debt within thirty days from receipt of the letter and that in the event of such a written dispute the debt collector will obtain verification and mail a copy of the same to the

Page 3

consumer. 15 USC § 1692g. The act further provides that if the consumer notifies the debt collector in writing of such a dispute all collection activity shall cease until verification is mailed to the consumer. 15 USC § 1692g(b).

This act is violated even when notice is given when the message given is "reasonably susceptible to an inaccurate reading." The standard applied is an objective standard measured by how the 'least sophisticated consumer' would interpret the notice received by the debt collector. *Russel v. Equifax A.R.S.* 74 F.3d 30, 35 (2d cir. 1996).

The question presented is whether the debt collector has failed to clearly and effectively communicate to the consumer his/her rights and thereby has made the least sophisticated consumer uncertain of his/her rights under the act. *Savino v. Computer Credit, Inc.* 164 F.3d 81, at 85 (2d Cir. 1998).

**B. DEFENDANT HAS VIOLATED THE FDCPA BY SENDING A LETTER WHICH PURPORTS TO COME FROM AN ATTORNEY WHEN IN FACT NO ATTORNEY HAD ANY MEANINGFUL INVOLVEMENT WITH THE COLLECTION PROCESS AND BY FALSELY IMPLYING THAT AN ATTORNEY IS MEANINGFULLY INVOLVED WITH THE COLLECTION PROCESS IN VIOLATION OF 1692E(3)(10)**

Defendant clearly recognizes that this matter is controlled by the Second Circuit decision in *Clomon V. Jackson* 988 F. 2d 1314 (2nd Cir. 1993) (Defendants' Memorandum of Law at page 4). The case stands for the proposition that an attorney may not send a collection letter without being materially involved with the

collection process. The gist of the defendants' argument is that because no lawyer actually signed the letter in question, and further that the letter specifically states that "no attorney with this firm has personally reviewed the particular circumstances of your account", the attorney need not be meaningfully involved within the collection process. (Defendant's Memorandum of Law page 5-8.) Essentially, defendants argue that this letter does not deceptively mislead the least sophisticated consumer into believing that an attorney is involved, because it specifically states "no attorney with this firm has personally reviewed the particular circumstances of your account", and because no lawyer actually signed the letter. Thus, defendants argue that it is apparent from the letter, even to the least sophisticated consumer, that no attorney was actually involved in this collection process. However, the defendants by arguing that the attorneys lacked any meaningful involvement in the collection process, have admitted to a violation of subsection (3) of § 1692e, namely the false or misleading implication that a communication is from an attorney, when it is not.

The case of *Clomon v. Jackson* involved the use of an attorney, Jackson, using his name on a collection letter when he was not meaningfully involved in the collection process. The Court found a violation of § 1692e(3). "In short, the fact that Jackson played virtually no day-to-day role in the debt collection process supports the conclusion that the collection letters were not "from" Jackson in any meaningful sense of that word. Consequently, the facts of this case establish a violation of subsection (3) of § 1692e." *Clomon v. Jackson*, 988 F. 2d 1314 at 1320 (2nd Cir. 1993). The Second Circuit reiterated this holding in *Miller v. Wolpoff & Abramson*, 321 F.3d 292 (2nd Cir. 2003). The Court stated as follows: Although there is no dispute that W&A and UC&S are law firms, or that the letters sent by those firms were "from" attorneys in the literal sense of that word, some degree of attorney

Page 5

involvement is required before a letter will be considered "from an attorney" within the meaning of the FDCPA. *Miller v. Wolpoff and Abramson* 321 F.3d 292 at 301. Defendants attempt to distinguish this case by arguing that the letter in question did not contain an attorney signature. In the *Miller* matter although the letter concerning the defendant, Upton Cohen & Slamowitz (UC&S), was signed, the letter concerning the defendant, Wolpoff & Abramson (W&A) was unsigned. *Id* at 296, 298. In the case of *Avila v. Rubin*, 84 F.3d 222 (7th Cir 1996), it was held that a debt collector who wants to take advantage of the "special connotation of the word "attorney"" must at the very least ensure that an attorney is professionally involved with the consumer's file. *Id* at 229. Signed or unsigned an attorney's letter must come from an attorney.

The Defendants have now admitted that they were not *professionally* involved with the collection process as a lawyer normally would be. This is a violation of 15 U.S.C. 1692e(3). This violation cannot be overcome by explaining to the consumer that you are not really acting as lawyer, when you are in fact a lawyer, sending out on a lawyer's letterhead a lawyer's letter. In fact, the Defendants argument is a complete non-starter in as much as they are seeking to act as lawyers without having the responsibilities or obligations that lawyers have. *Avila v. Rubin*, 84 F.3d 222.

The language of the defendants' own letter contradicts the position embraced by them. The letter begins by stating: *The firm of Trauner, Cohen & Thomas is a law partnership representing financial institutions in the area of creditors rights. In this regard, this office represents the above named BANK OF AMERICA which has placed this matter, in reference to an original account with (sic) for collection and such action as necessary to protect our client.* These sentences convey to the least sophisticated consumer that there is a great deal of importance to the fact that this

Page 6

letter is being sent by a law firm. This impression is false and misleading.

"This impression was false and misleading because in fact Jackson did not review each debtor's file; he did not determine when particular letters should be sent; he did not approve the sending of particular letters based upon the recommendations of others; and he did not see particular letters before they were sent----indeed, he did not even know the identities of the persons to whom the letters were issued. the letter falsely suggests to the least sophisticated debtor that an attorney has been retained to collect his or her particular debt." *Clomon v. Jackson*, 988 F.2d 1314 at 1320. According to the defendants' arguments these same set of facts are present herein. By the defendants' own admission this case is indistinguishable from that of *Clomon v. Jackson*.

In the case of Nielsen v. Dickerson, 307 F.3d 623, 638 (7th Cir. 2002) it was held that that the FDCPA was violated where the attorney "knew nothing about the debtor and her potential liability beyond what [the client] had conveyed to him; and [the client] provided [the attorney] only the bare information that [he] required in order to complete the blanks in his form letter"). The defendants admit they knew nothing about the consumer herein. This Court must therefore conclude that the defendants have violated 15 U.S.C. 1692e(3)and e(10).

**C. THE DEFENDANTS HAVE FALSELY MISREPRESENTED TO THE CONSUMER THAT UNDER THE FDCPA THE CREDITOR MAY ASSUME THE VALIDITY OF THE DEBT**

Defendants' collection letter wrongly states as follows: Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the *creditor* (emphasis added) and by this firm.

Page 7

The statement that the creditor may assume the debt is valid is false and misleading. There can be no presumption created by the failure of a consumer to dispute the debt. 15 U.S.C. 1692g(c). This false statement is a violation of the FDCPA.

## VI.   CONCLUSION

For the foregoing reasons the motion of the Defendant should be denied in all respects.

Uniondale New York
February 13, 2004

By [signature]
Lawrence Katz
**Attorney for Plaintiff**

Lawrence Katz (LK-0062)
Katz & Kleinman
Attorney at Law
165 EAB Plaza
West Tower - Sixth floor
Uniondale, New York 11556-0165
(516) 522-2621

## CERTIFICATE OF SERVICE

Lawrence Katz hereby certifies that on February 13, 2004 I served upon the Defendants' attorney a copy of the enclosed Memorandum in opposition via regular mail:

ALLEN D. FRIEDMAN
GULLACE & WELD LLP
500 FIRST FEDERAL PLAZA
ROCHESTER NEW YORK 14614

Dated: Uniondale, New York
February 13, 2004

Lawrence Katz