# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

ANDREW A. GRECO, on behalf of himself and all others similarly situated,

                         Plaintiffs,

        -vs-

TRAUNER, COHEN & THOMAS, L.L.P., ROBERT TRAUNER, MICHAEL J. COHEN and RUSSELL S. THOMAS,

                         Defendants.

03-CV-6352 CJS

**DECISION and ORDER**

A P P E A R A N C E S

For Plaintiffs:          Lawrence Katz, Esq.
                             Katz & Kleinman PLLC
                             165 EAB Plaza
                             Uniondale, NY 11556-0165
                             (516) 522-2621

For Defendants:       Allen David Friedman, Esq.
                             Gullace & Weld, LLP
                             First Federal Plaza Suite 500
                             Rochester, NY 14614
                             (585) 546-1980
                             Fax : 585-546-4241
                             Email: allen@gwlawnet.com

                             David M. Schultz, Esq.
                             Hinshaw & Culbertson LLP
                             222 North LaSalle Street Suite 300
                             Chicago, IL 60601
                             (312) 704-3000

## I. INTRODUCTION

**SIRAGUSA, J.** This matter is before the Court on defendants' motion for judgment on the pleadings. For the reasons stated below, the motion is granted.

## II. BACKGROUND

As is required on a motion for judgment on the pleadings, the Court assumes that all the allegations in the complaint are true and reads the complaint in the light most favorable to the non-moving party. *See H.J. Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 249 (1989). Plaintiff alleges one cause of action under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). More specifically, plaintiff contends that the collection letter sent by defendants to him violated the FDCPA, including, but not limited to, sections 1692e, 1692e(3), 1692e(10) and 1692g(a)(3).

In that regard, defendants sent a letter to plaintiff dated November 20, 2002, a copy of which is attached to the complaint, and reproduced as an appendix to this decision. The letter was printed on letterhead for defendants' firm, described in the correspondence as "a law partnership representing financial institutions in the area of creditors rights." Appendix A. The letter stated that the firm's client, Bank of America, placed plaintiff's $4,065.49 overdue account with defendants for collection. The letter specified that, "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account." Appendix A. The letter then gave contact information, and asked plaintiff to contact defendants' office if he had any questions. It closes, "Very truly yours, Trauner, Cohen & Thomas, LLP." Appendix A. The letter is not signed.

In large type at the bottom of the letter, after the closing, is a section with a title, "Consumer Notice Pursuant to 15 U.S.C. Section 1692(g)." That section contains the following language: "Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the

creditor and this Firm." Appendix A. In addition, the notice section contains other information with regard to plaintiff's rights to dispute the debt.

Plaintiff summarizes his argument as follows:

> Plaintiff would [sic.] submit that an attorney cannot send a collection letter without being meaningfully involved as an attorney within the collection process. In addition, a collection letter cannot falsely stated within the thirty day notice, that the failure of a consumer to dispute the debt will result in the "creditor" assuming the debt to be valid.

Pl.'s Mem. of Law at 2.

### III. STANDARDS OF LAW

A motion for judgment on the pleadings may be granted when all material allegations of fact are admitted in the pleadings and only questions of law remain. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In deciding a motion under Rule 12(c), the court applies the same standard as that applicable to a motion under 12(b)(6). *Id*. The court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Ad-Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

The applicable portions of the FDCPA are as follows:

§ 1692e.  False or misleading representations

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of–

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to--

(A) lose any claim or defense to payment of the debt; or

(B) become subject to any practice prohibited by this title [15 U.S.C. §§ 1692 et seq.].

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the

communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

    (12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

    (13) The false representation or implication that documents are legal process.

    (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

    (15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

    (16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 603(f) of this Act [15 U.S.C. § 1681a(f)].

15 U.S.C. § 1692e (2004).

    § 1692g.  Validation of debts

    (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

        (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. . . .

15 U.S.C. § 1692(g)(a)(3) (2004).

## IV.  ANALYSIS

The facts of this matter are not in dispute and the only issues are questions of law appropriate for resolution by the Court. *Sheppard*, 18 F.3d at 150. The FDCPA was designed by Congress "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (2004).

In analyzing a communication to determine whether it violates the FDCPA, the Court must view the communication from the perspective of the "least sophisticated debtor." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Even so, the Second Circuit "emphasized that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." *Id*. at 1319. Viewing the collection letter at issue here from the perspective of the "least sophisticated debtor," the Court determines as a matter of law that it is not deceptive.

   1.   **Plaintiff's Argument that the Letter Violates § 1692e(3)**

Plaintiff argues that since the language in the letter clearly indicates that an attorney was not involved, sending the letter on letterhead from the law firm, and "signing" it from the law firm, conclusively establishes a violation of § 1692e(3) in that it constitutes a "false representation or implication that any individual is an attorney or that any communication is from an attorney," 15 U.S.C. § 1692e(3) (2004), and overstates "the degree of an attorney's involvement in individual debtors' cases." *Clomon*, 988 F.2d 1314, 1320.

Both *Clomon* and *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002), the decision from the Seventh Circuit, upon which plaintiff relies, involved letters with facsimile signatures that did not contain any disclaimer about the attorney's involvement in the collection matter. *Clomon*, 988 F.2d at 1320; *Nielsen*, 307 F.3d at 629. The statute specifically prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." Plaintiff also relies on a Second

Circuit case, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292 (2d Cir. 2003) in which the court stated:

> Although there is no dispute that W&A and UC&S are law firms, or that the letters sent by those firms were "from" attorneys in the literal sense of that word, some degree of attorney involvement is required before a letter will be considered "from an attorney" within the meaning of the FDCPA. *See, e.g., Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir. 1993) ("The use of an attorney's signature on a collection letter implies that the letter is 'from' the attorney who signed it; it implies, in other words, that the attorney directly controlled or supervised the process through which the letter was sent . . . . The use of an attorney's signature implies — at least in the absence of language to the contrary — that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent.").

*Miller*, 321 F.3d at 301.

The Court finds that the letter at issue here does not violate § 1692(e)(3). First, plaintiff has pleaded nothing to indicate that the law firm is not a firm of attorneys or that the letter's representation, that it is a law partnership, is untrue. Second, the letter explicitly disclaims that any attorney has personally reviewed the file, and further does not suggest that any attorney is ready to bring suit to collect the debt. In *Clomon*, the Second Circuit found that, "the use of [the attorney's] letterhead and signature on the collection letters was sufficient to give the least sophisticated consumer the impression that the letters were communications from an attorney." *Clomon*, 988 F.2d at 1320. The Circuit Court found this to be a violation because "the collection letters were not 'from' Jackson in any meaningful sense of that word." *Id*. Here, by contrast, there is no facsimile signature of an attorney, and, indeed, no individual attorney is listed on the letter. The letter closes with the name of the law firm, Trauner, Cohen & Thomas, LLP. Plaintiff does not plead that the letter is not "from" Trauner, Cohen & Thomas, LLP. Plaintiff identifies defendants as "a Georgia

limited liability partnership engaged in the business of collecting debts. . . ," Complaint ¶ 5, but does not plead that the letter's representation, that Trauner, Cohen & Thomas, LLP, is a "law partnership," is false. The gravamen of plaintiff's complaint is that *Clomon* requires an attorney to review the letter before it is sent. Complaint ¶ 17. However, that is not what the Court reads *Clomon*, *Nielsen, Miller*, or the statute to require.

The statute is designed to end misrepresentations in debt collection. 15 U.S.C. § 1692(e). In *Clomen*, the Second Circuit stated: "[t]he signature of an attorney on a collection letter implies—*at least in the absence of language to the contrary*—that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent." *Clomen*, 988 F.2d at 1321 (emphasis added). *Miller* cited this language in finding an attorney letter without a disclaimer to be deceptive.[1]

The collection letter at issue here does not misrepresent the law firms' position. It states plainly that the firm has been retained to collect the money owed to Bank of America

---

[1] The February 25, 2000 letter identified W&A as "Attorneys in the Practice of Debt Collection (A National Attorney Network Firm)." The letter demanded payment of "$ 1618.14 (including applicable contractual charges)," noted that it was sent with regard to May Department Stores/Lord & Taylor, and stated:

> Please be advised that we represent the above-named creditor who claims you have a delinquent balance as stated above. After you have read the important notice on the reverse side of this letter, if appropriate please call our office to resolve this matter.
>
> When paying the balance in full or if you are unable to call our office, check one of the options below and return the bottom portion of this letter in the self-addressed envelope provided for your convenience.
>
> Very truly yours,
>
> WOLPOFF & ABRAMSON, L.L.P.

*Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 296 (2d Cir. 2003).

and take "such action as necessary as to protect our client." Appendix A. The letter clearly identifies the firm as a law partnership, but also discloses that no attorney in the firm has personally reviewed the circumstances of the debtor's account. Even the least sophisticated debtor, reading the letter with due care, would conclude that the letter is from a law firm, but that no lawyer in the firm has evaluated the case to determine the validity of the debt, or with an eye towards filing a lawsuit against him. The letter is not deceptive and, therefore, does not violate § 1692e(3). *See Pujol v. Universal Fidelity Corporation*, No. 03 CV 5524 (JG), 2004 U.S. Dist. LEXIS 10556, *17 (E.D.N.Y. Jun. 9, 2004) (disclaimer, "'I have not, nor will I, review each detail of your account status, unless you so request'" sufficient to not lead the least sophisticated consumer to believe that the signing attorney had individually reviewed his or her file and made a judgment about how to collect the debt).

### 2. Plaintiff's Argument that the Letter Violates § 1692g

The Court also finds plaintiff's other argument on his one cause of action, that the letter erroneously informs the debtor that if the debt is not contested within thirty days, both the debt collector and the creditor will presume the debt is valid, to be without merit. Pl.'s Mem. of Law at 7–8. Plaintiff contends. The letter tracks the required statutory language almost verbatim, but adds that not only will the debt collector presume that the debt is valid, so too will the creditor. *Cf.* 15 U.S.C. § 1692g(a)(3) *with* Appendix A. Plaintiff cites no authority in its brief for the argument that the additional language violates the FDCPA. Instead, plaintiff argues that the notice effectively shifts the burden of proof to the debtor, "requiring the consumer to affirmatively prove satisfaction of the debt in violation of 15

U.S.C. § 1692g(a)(3)." Complaint ¶ 19. The Court finds plaintiff's argument inconsistent both with statutory purpose and common sense.

First, the statute *requires* the verification language to be in the letter. 15 U.S.C. § 1692g(a) (2004). Second, the verification language invites the debtor to contest the validity of the debt, not to prove payment. Viewing the letter from the perspective of the "least sophisticated debtor," it states: "If you notify us in writing within said 30 days that the debt or any portion thereof is disputed, *we* will obtain verification of the debt, or a copy of any judgment against you, and *we* will mail such verification to you." Appendix A (emphasis added).

Contrary to plaintiff's argument, the letter puts the onus on the debtor only to protest. Thereafter, the letter states that the debt collector will be burdened to obtain proof of the debt and provide that proof to the debtor. "[T]he Act's notice-and-verification requirements cover only those claims that are contested or reasonably contestable; *bona fide* debts that are overdue are, well, overdue, and payable *pronto*." *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999) (emphasis in original). Plaintiff makes no allegation that he does not owe Bank of America $4,065.49, or that he did in fact protest the debt and that Bank of America, or the debt collector, required *him* to prove that he did not owe the money. Furthermore, nothing in the body of the letter contradicts or overshadows the disclosure information following the letter's closing. *Cf. Bartlett v. Heibl*. 128 F.3d 497 (7th Cir. 1997). In *Bartlett*, the collection letter, which the Seventh Circuit found to violate § 1692g, stated in the body that the debtor's failure to contact the lawyer within one week would result in legal action being commenced. *Id*. at 499. Read in conjunction with the required verification language allowing thirty days to contest the validity of the debt, the

debtor, the Court held, would be confused. Here, however, the letter does not create confusion about the debtor's right to contest the debt within thirty days. Understandably, plaintiff cites no authority in support of his imaginative argument, nor has the Court found any in support of it.

Plaintiff makes no further legal argument in support of his complaint's cause of action under §1692e or § 1692e(10). The Court finds that the collection letter here does not violate the FDCPA and that defendants are entitled to judgment on the pleadings.

### IV. CONCLUSION

Defendants' motion (# 13) for judgment on the pleadings is granted. The Clerk is directed to enter judgment for defendants with costs taxed to plaintiff pursuant to 28 U.S.C. § 1920.

IT IS SO ORDERED.

Dated: July 12, 2004
      Rochester, New York

              ENTER:

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge

## Appendix A

TRAUNER, COHEN & THOMAS, L.L.P.
ATTORNEYS AT LAW
2880 DRESDEN DRIVE
ATLANTA, GEORGIA 30341

ROBERT TRAUNER
MICHAEL J. COHEN
RUSSELL S. THOMAS (GA AND NY)

November 20, 2002

TELEPHONE
(404) 233-1900

FACSIMILE
(404) 261-6014

TOLL FREE
(888) 696-1900

748004

Re: BANK OF AMERICA
Principal Balance Due: $4065.49
Your Account #: 4319041006242160

75

ANDREW A GRECO
167 WOODSTOCK RD
ROCHESTER NY 14609-7239

Dear Andrew A Greco:

The firm of Trauner, Cohen & Thomas is a law partnership representing financial institutions in the area of creditors rights. In this regard, this office represents the above named BANK OF AMERICA who has placed this matter, in reference to an original account with for collection and such action as necessary to protect our client.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact this office at 404.233.1900 or toll free at 1.888.696.1900 between the hours of 8 A.M. and 9 P.M. on Friday, and 9 A.M. to 2 P.M. on Saturday.

Very truly yours,

Trauner, Cohen & Thomas, LLP

### CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692 (G)

You are hereby given notice of the following information concerning the above referenced debt.

1. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this Firm.
2. If you notify us in writing within said 30 days that the debt, or any portion thereof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you.
3. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor.
4. This firm is attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose.

YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED IN WRITING AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.